24-418-CV Trade Links, LLC v. BI-QEM. My name is James Chinquay. I represent the appellants BI-QEM. I would first like to address briefly Trade Links' argument that the appeal was not timely because the notice of appeal was not filed within 30 days of the entry of the courtroom minutes. Trade Links argues that the courtroom minutes constitutes entry of an order under Federal Rule of Appellate Procedure 4 and starts the clock, starts the 30-day clock. However, that entry does not constitute an appealable order because Connecticut District Court Local Rule 77a specifically provides that, quote, the notation in the appropriate docket of a, quote, order, close quote, shall constitute entry. If your argument is valid, then no order has been issued, and then we have no appeal before us. Well, Your Honor, it may be premature because no order was ever entered. However, I have cited cases saying that the appellate court can take what's technically a premature argument and can decide it now because it would just be a waste of time. Well, the whole thing seems to me in a way a waste of time. I don't know. Is this working? Yes. Yeah. Okay. I'm hearing you, but I want to be sure. Okay. A normal order — I'm just assuming hypothetically that that order had been entered. What would have been the nature of that order? The order would have just said, you know, motion, Rule 50B, motion denied, but it would have said order. And the motion requested what relief? This was my Rule 50B motion basically to dismiss the — what I'm arguing on the appeal here, that the case should have never gone to the jury. And it's your issue — it's your contention that that motion is still outstanding, has never been adjudicated? Well, no order was ever entered, Your Honor. Orally, the judge denied it orally. But the Connecticut local rule says there must be a written notation of an order. For example, the southern and eastern districts have an order — have a local rule, it's 6.2, saying that an oral decision on a motion suffices for the entry of an order for purposes of Federal Rule of Appellate Procedure 4. They have a specific rule saying an oral decision suffices. But we don't agree on that. I'm trying to understand — I think I understand your argument that the minute entry, because it's the minutes, the document that is the minutes is prepared by the clerk, that somehow doesn't count. But it seems that it's very often the case that there is — if you want to split hairs, something called a docket entry that has no accompanying piece of paper, no PDF, but it will say, you know, docket entry 322, the motion 274, motion for new trial, is denied. And that's entered by the district court. Now, would it be your contention that a so-called docket entry suffices, but a minute entry does not? No, either one would. But it has to have the word order under the Connecticut rule. It says — Tell me why the Connecticut rule will govern this procedural issue in a Federal court. Well, it comes — That's under Erie. Why isn't this — It's a Connecticut district court. I think it's a local district court rule. Oh, it's a — yeah. Yeah. I didn't mean Connecticut State. You meant — No, no, not district court. Okay. No. But I think there is an inferiority-superiority problem of how can the local rule of a district court override the entry of judgment rule that's — Well, no, the Federal rule — I mean, a district court couldn't change it and say — that's why I'm kind of curious to hear that Southern District has a rule that says, no, no, orally is fine. So in theory, if it never showed up on the docket, it still counts as a written order or an entry of judgment. That would strike me as arguably conflicting. Well — Why would there — if Connecticut had a rule saying you must have an entry of an order with a red ribbon and stickers on it to constitute an order, I mean, it seems to me that would be invalid, that if a court then entered a piece of paper as a PDF, it would satisfy the rule. I don't see how the local rule can modify something like that. Well, there's nothing — I mean, it's a gap-filling device. Your Honor, with all due respect, there's nothing to modify. The Federal Rules of Civil Procedure don't specify what constitutes entry of an order. It's up to the local courts, and each local court has a different rule. So we have to follow the Connecticut rule here. And since there's no, quote, order, close quote, ever entered, nothing in the minute entry, nothing in the courtroom minutes has the word order. So my argument would be that if it's not — Before we run out of time, let's just — What happened on February 27th, 2020? The judge by — it was either Zoom or telephone had a — maybe it was in person. There was an oral argument of several motions. There were like five or six motions.  And she — Let's look at the merits of what you would have argued had you had time.  Because I have a bit of trouble finding that the merits that were deemed precluded by the statute were — if there was anything to them.  Yes, Your Honor. I mean, the arguments didn't seem to me to have much to them. Well, maybe I can convince you otherwise, Your Honor. Yeah. I hope so, because — I have two main arguments. Number one is Darbert. The judge allowed the testimony of their expert witness, Mr. Marcus, and we — we submit it should have been stricken. At his deposition, before the trial, obviously, I had asked him, what work had you done for the trade links? And he said, oh, I did a couple of tax returns and I got a couple of thousand dollars. At trial, we served a subpoena. During the trial, we served a subpoena on Mr. Marcus, asking him to produce his records, his time records. He produced them, and lo and behold, they showed that he had done a lot of work for trade links. He not only — he — in his — and he testified to this at trial for the first time, we found out, he did the QuickBooks for trade links, and he used the QuickBook entries that he made. But the decisions on Darbert, we have — and I, frankly, don't like it, but again and again left it up to the district court's decision. And, you know, frankly, the number of cases that we have said that the district court did it wrong on Darbert are virtually nil. Well, Your Honor, the court said, I'm quoting her, In calculating lost profits, Mr. Marcus is in fact relying on his own work product as an accountant of trade links. I submit that that's reversible error. She said — Why doesn't she think the district court judge should have done? Stricken his testimony. Sorry? Stricken his testimony, Your Honor. We found out for the first time that he had acted as their accountant. He was not independent. He was not reliable. He used his own work product to give an expert opinion. Did he testify to the contrary in his deposition? Yes. At his deposition, he said — And there's a jury sitting up there? Yes. I mean — Well, she said it bears on the weight to be afforded, not the admissibility. However, the Ninth Circuit — If this guy's a key witness, isn't this a cross-examination stream? Your Honor, in the U.S. v. Valencia-Lopez, the Ninth Circuit said, Dismissing an argument as going to the weight, not admissibility, of the expert's testimony is not a reliability determination. How can an expert come to court and use — Well, right. It's a distinct thing to say he may have reliable testimony, but maybe he's a liar. So I think being a liar or being biased is distinct from being reliable. Right? You can have someone who has a reliable method, but just lies outright or has a huge financial stake. I mean, most experts are — I don't know, maybe most, but so many experts are paid by one party, and that's fodder for cross-examination, saying, You've got to be kidding me. They're paying you a million dollars to testify. We would never say that that bias or arguable bias goes to the reliability, would we? I submit that you would, Your Honor. It also goes to — Wait a minute. You would argue that goes to reliability? So every time a witness is paid, hired by a party, that should go into the reliability analysis? No, Your Honor. In this particular case, Your Honor, it turned out that he had done substantial work for this company and got $50,000. He was not independent. He had done work — When is an expert independent, if they're paid by a party? No, no, no. He had done work while he was an expert, or right before he was retained as an expert. He had done work for this company. And under the CPA rules that I cite in my brief, that — Okay. Most police officers — If he had a rock-solid methodology, would the payment have — how would the payment have qualified that? Because, Your Honor, under the CPA rules, you cannot — an expert witness cannot act as an expert for an existing client. But that's an ethical thing under some — It's unethical, but it goes to — But that doesn't go to reliability. It goes to independence. Well, let me give you an example. We probably see more criminal than civil cases up here, and so many of them involve expert witness testimony, and so many of them are DEA agents testifying about the narcotics trade. On behalf of the government, they're not independent. For the last 30 years, they've worked for their client. We would never say, well, that goes to reliability. You know, they have a bias here. And that's who's been paying their salary for the last 30 years. So wouldn't your theory, if we accepted it, throw out probably every bit of law enforcement expert testimony that we allow in every criminal case? Well, not in that case, Your Honor, but there's a specific —  Why would your theory not carry over? There's a rule for accountants that said under no circumstances should an accountant testify as an expert witness on behalf of a client, of an existing client. How does that create a Daubert exception? Because it goes to his independence. He's not independent under those rules. But these are all the experts that Judge Nardini posited to you. They're employees of one of the parties. Well, if they're violating a specific rule of their profession, I submit that it should be relevant and goes to independence. Well, does it go to law? Because they're violating — I mean, it's not a question. It's a — it's subject to cross-examination. But they're violating an — What? They're violating an ethical rule. So what? Well, then they shouldn't be allowed to testify. Well, I'd like to go back to the statute question. And this may be odd. Were you in any way misled by this? And if you weren't, wouldn't latches apply? I mean, here you wait four years and more to bring in a motion that you could perfectly well have brought up before. And you say, oh, it's because something wasn't written in a particular way. And we found that the Connecticut district requires it to be that way. But in terms of, you know, how courts work and our job, why the heck should we allow you to bring this this late? Well, Your Honor, I submit it's not late because an order has to be entered. I cited a case. I'm just — It says the radio television case. It's from the Ninth Circuit. But it says — Yeah, you keep relying on the Ninth Circuit. I'm not particularly — Well, I couldn't find a second — I would have liked to have found a second circuit on this point. It says when a court does not follow the Federal rules or its own local rules, it cannot expect a party to be aware of its rights. I looked at the local rule, and it says an order has to be entered. No. An order wasn't entered. I heard your argument, but my argument is a different one, which is here you wait four years to bring an issue which could have been brought before and which, on the face of it, say it's not. Maybe the issue is easy. Maybe the issue is hard. But, boy, if I were a district judge, I'd be very upset. Well, Your Honor, we would have had — I would have — if I had filed a notice of appeal back then, I would have just waited to file the appeal when the case was finally decided. That wasn't the final decision. Okay. I think we have your argument. You've reserved a couple of minutes. Yes. We will hear from you again, Mr. Chinguay. Why don't we hear from counsel for the appellee, Mr. Minoff? Thank you, Your Honor. May it please the Court. Thank you, Your Honor. Attorney Keith Minoff appearing for the plaintiff appellee. Trade links. LOCA also represented trade links in the trial court. I first want to address the argument concerning the local rule, local rules of Connecticut. I think my adversary is misreading the rule, and we've addressed this in our brief. The rule states — it's titled, Entry of Orders and Judgments Miscellaneous. A, entry of orders and judgments by the court. One, a memorandum filed by the judge or magistrate judge of the decision of a motion that does not finally determine all claims for relief shall constitute the required order unless such memorandum directs the submission of an order in more extended form. Two, the notation in the appropriate docket of a quote order as defined in the previous paragraph shall constitute the entry of the order, period. That's all it says. It does not say that the word order must appear in the docket entry. Can you remind me of specifically what the docket said? Sure. You would ask Judge Parker about what did happen on February 27th. I'm going to get to the docket entry. What happened was there were three or four post-trial motions before the court. We had an oral argument before Judge Julie, which went on for about two hours. And she stated she recognized that this case was going up to the Second Circuit because it was clear. And she said, and she said on the record, she said in an effort to get this case to the Second Circuit sooner than later, I'm going to rule on the motion for judgment as a matter of law, the Rule 50 motion, and the Rule 59 motions to amend today in an effort to get it. Because she recognized that once she did that, the clock would start to run under Rule 4. She also recognized that that would leave only a motion for attorney's fees in Rule 54 motion. And as the Supreme Court said in the Budenich case in 1988, and as now reflected in Federal Rule of Appellate Procedure 4, the 30 days period for filing a notice of appeal is not extended by a Rule 54 motion. And she recognized that. She understood, I'm going to rule on these motions today, and that's going to start the clock so we'll be able to get this case going up to the Second Circuit. And she specifically said instead that the rule on attorney's fees did not toll. She did not say that on the record, no. No. No. But as, getting back to your question, Judge Parker, the docket entry for 227-2023, and I believe that the docket entries were an exhibit to the motion to dismiss. And this was done the same day as the hearing. Minute entry. Proceedings held before Judge Carrie Dooley, taking under advisement. Motion for attorney's fees, taking under advisement. Motion to amend, correct. Taking under advisement. Motion for cost and fees. Denying, for reasons stated on the record by Kemps, motion for judgment as a matter of law. That's the 50B motion. Denying, for the reasons stated on the record, motion for order under Federal Rule 59E. It's a motion to amend. And it went on, taking under advisement several other motions. But the relevant portion was what I just read. And that's hyperlinked to the docket. That is docket 305. Correct. Which is hyperlinked to the minute entry, which has a series, a list of the motions that were considered that day, tracking the entry. And one of them is 274, motion for judgment as a matter of law, and the box denied is checked off. Right. So you have a piece of paper memorializing the oral pronouncement of the Court's ruling on motion 274 for judgment as a matter of law. Correct. So my question to my adversary is, what more did you need to understand that the Court had finally decided and denied your Rule 50B motion? She said it in court. And, by the way, she went into great detail in the court. She basically read in open court the basis for her decision, why she was denying it. I think their argument is that you need the word ordered. Yes. That's their argument. But, again, there is no rule, including Connecticut, that requires that. I'd like you to turn at the attorney's fees issue at the problem of McGuire saying that a jury must decide whether and then a court can decide the amount and how that relates to Rule 54, which came after our McGuire case and who seems to allow instead the opposite, and specifically whether the McGuire case was based on a Seventh Amendment argument, in which case Rule 54 can't overturn the Constitution. So could you just spend a couple of minutes on that? I'll try. But, I mean, to be honest with you, I don't practice in the Second Circuit on a regular basis, and I'm not familiar with the McGuire opinion. But this issue did come up during trial, and there was quite a bit of discussion about it. In fact, at one point, there was consideration of actually presenting the attorney's fees, you know, the bills and everything supporting our claim to the jury. And that was a very unfamiliar concept to me. My experience had always been, no, the judge decides whether the fees are reasonable, et cetera, et cetera. And this issue that you raise is not on appeal. But ultimately, the Court agreed with our position, which was that it was up to the jury to decide whether or not there was a breach, which would trigger the attorney's fees provision in the agreement. And they did. And they found bad faith as well, by the way. And then that then led to our Rule 54 motion for fees, which was contested on the grounds that the contract did not actually permit fees in the event of a breach, which it does. But the only other point I was going to make, and I wanted to make sure I got this in, again, going back to the argument about the Connecticut local rule, which appears to be my adversary's primary basis for arguing the word, the magical word, order, had to appear in the docket, contrast the Connecticut rule I just read, which says nothing about, you know, you must use this language, contrast that with one of the local rules for the Central District of California, which I found by accident because my adversary had cited a Ninth Circuit case for the proposition that, no, you need this language. Well, the reason the Ninth Circuit case went in a different direction is because the local rule in California is completely different. And it says, at least it said at the time, entry of judgment, memorandum of decision, opinion, minute, order, notation in the civil docket of an entry of a memorandum of decision, an opinion of the court, or a minute order of the clerk shall not constitute entry of judgment pursuant to Federal Rules of Procedure 58 and 79a unless ordered by the judge. That's the language that my adversary wished was included in the Connecticut rule, and, of course, it is not. So, again, as the Court knows, we have filed a motion to dismiss. The basis of that motion is this Court simply does not have personal, because of the failure to file a notice of appeal within 30 days, this Court does not have jurisdiction over two of the three issues raised on appeal, because those issues both derive from the Rule 50 motion that was decided in February and not appealed until about a year later. And the only issue on appeal before the Court concerns the attorney's fees provision in the SRA, which is 7b. And the only ---- And your view is that the only ---- the scope of the attorney's fees issue that has been teed up for our decision is solely whether this type, this category of attorney's fees is covered by this particular agreement, right? That's correct. They do that. My adversary does not ---- is not appealing the amount of fees issued. Merely does the contract permit this. Okay. Just so I understood the scope. Right. And, again, we believe the plain language of that ---- I'm almost out of time. The plain language of that section 7b clearly authorizes it. Thank you. Okay. Thank you very much. Mr. Chinquay, I think you have reserved two minutes. Yes. If there's anything you would like to add in rebuttal, we are all ears. Thank you, Your Honor. Yes, on the last point ---- Let me ask you this. Just assuming hypothetically that the minute entry that we've been parsing and discussing this morning was a sufficient order, was your notice of appeal timely? If it complied with the Connecticut District Court ---- If it was a sufficient order, was your notice of appeal timely? Not on the two points. It still would be timely on the attorney's fees. Yes. Thank you. And would you just clarify whether you agree with your adversary about the scope of the attorney's fees merits issue? That is, how that's teed up before us. My understanding is that the only issue that's been really addressed is whether the SRA, the contract, authorizes this award of attorney's fees. Is that right? Yes, I would agree with that. Okay. Good. And I would just direct the Court's attention, and Judges Calabresi and Parker were on the panel of the Rand Whitney case, which I cited, which had ---- came from Connecticut, had virtually the exact same language. Well, but Connecticut has changed its mind since we did that in two cases after they've said that they said something very different from when we were involved in that summary order. Well, I don't know if it's very different, Your Honor. I mean, this Court said that it does not apply to an intraparty lawsuit. And I think it should have gone to the jury in the worst-case scenario. The judge shouldn't have decided. It's clearly an issue that there was no testimony on. And the judge decided as a matter of law, contrary to the Rand Whitney case, that it did cover it. It's not an attorney's fee provision. It's an indemnification clause. Yeah, no, the indemnification language has changed in New York, in Connecticut, as to whether it applies to third parties or also to parties. And in this contract, it's mighty clear, because there's something else right next to it that applies to third parties only. Well, this doesn't. So it's hard for me to see why that earlier view, which was a Connecticut view, hasn't been overturned. Well, Your Honor, the provision you're citing goes to like a trademark infringement or some products liability. There could be all sorts of other cases that could arise from third parties, not just that. There's a late delivery, for example, and a client sues. Thank you. Okay. Thank you. Thank you both very much. Very interesting case, and we appreciate your arguments. We will take the case under advisement.